

UNITED STATES COURT OF APPEALS FOR THE
SECOND CIRCUIT OF NEW YORK

JAMES P. MHINA, C.E.O. PROSE, ET AL
APPELLANT/PLAINTIFF

U.S.C.A. DOCKET NUMBER
23-96

-V-          APPEAL BRIEFF, APPENDIX

CITIZENS BANK, N.A. ET AL.
APPELLEES/DEFENDANTS.

PURSUANT TO LOCAL RULES 31.2(A)(1)(A). I
REQUEST THAT MY BRIEF AND APPENDIX BE ACCEPTED FOR
FILING NO LATER THAN APRIL 5, 2023. THIS DATE IS WITHIN
91 DAYS OF THE LATER OF (2) WHEN NO TRANSCRIPT IS
ORDERED, THE REQUIRED FILING DATE OF MY D-R WITH THE
COURT. I UNDERSTAND THAT IF I FAIL TO RETURN THE SIGNED
SCHEDULING PROPOSAL AS THE COURT WILL ISSUE AN ORDER
SETTING A 40-DAY DEADLINE TO FILE MY BRIEF. IF I FAIL TO
FILE MY BRIEF THE CASE MAY BE DISMISSED.
          PREPARED AND PRESENTED BY:-

JAMES P. MHINA, PROSE, APPELLANT
540 SEYMOUR STR#3
SYRACUSE, N.Y. 13204

1

# TABLE OF CONTENTS

1. CAPTION — 1.
2. TABLE OF CONTENTS — 2
3. TABLE OF AUTHORITIES (CASES) — 3-
4. STATUTES — 3-
5. COURT RULES — 3
6. STATEMENT OF SUBJECT MATTER — 6-
7. APPELLATE JURISDICTION — 6-
8. STATEMENT OF ISSUES PRESENTED FOR REVIEW — 7-
9. STATEMENT OF THE CASE/FACTS — 9
10. APPEAL BRIEF AND STATEMENT — 10
11. VIOLATIONS OF DISTRICT COURT RULES — 11
12. STANDARD OF REVIEW — 16
13. CASE AT BAR FOLLOWING BIGELOW V. R.K.O. RADIO PICTURE — 20
14. DAMAGES + — 22
15. PRINCIPLE OF RELIANCE — 22
16. RELIED UPON PROMISES OF APPELLEES/DEFENDANTS — 23
17. APPELLANT NEED ONLY SHOW A STABLE FOUNDATION — 2.
18. LOSS OF FUTURE PROFITS "DAMAGES" — 25
19. DAMAGES FOR TORTIOUS INTERFERENCE — 25
20. DAMAGES FOR CONSEQUENTIAL LOSES — 26
21. ACCOUNTABILITY AND LIABILITY BY ALL DEFENDANT 2.
22. LOST BUSINESS PROFITS MUST BE PAID BY APPELLEES 2.
23. N.Y STATES GRANTS LOST BUSINESS PROFITS AS ELEMENT OF DAMAGES. 
24. PRESIDENT JAMES P. MWANGI MUST BE PAID FROM 2005-2023 34 $150 BILLIONS PER YEAR, $30 BILLIONS FOR TIME SPENT IN PK. 3.
25. NO GENUINE ISSUES OF FACT EXIST FOR TRIAL 3.
26. AFFIDAVIT OF SERVICE

2.

# DOCKET # 23-96

## TABLE OF CASES (AUTHORITIES)

MALMSTEEN V. BERDON, LLP 369 FED APPX 248
N.Y.C.A 2nd CIRCUIT 2010) AFFIRMED

RE GARSON, N.Y.     774 N.Y.S. 2d 445  17 A.D.3d -
-243 N.Y. 2005 (N.Y. APPELATE COURT.
AFFIRMED.

BIGELOW V. R.K.O. RADIO PICTURES 327 U.S. 258, (1946
U.S. SUPREME COURT) AFFIRMED

JAMES WOOD V. POE, 297 F.2d 657-658 (2nd CIRCUIT
GLANDALE FEDER1 N.Y. 1961)

GLANDALE FEDERAL BANK ESB V. U.S. 239 F 3d 1374.
(N.Y. 2nd CIRCUIT COURT OF APP

CELOTEX V. CALTRET; 477 U.S., 317-331 (1986) U.S.

### STATUTES

CONSPIRACY (42 U.S.C. § 1985 (3), 1983, 1981 (A~B
N.Y. STATE (CPLR. 215 (8)(A)    (: 31 U.S.C. A SEC 8~47
N.Y. STATE (C.P.L. Sect. 1.20)

### COURT RULES.

10.1, 2.
11.1 (A) (b)

3

# TABLE OF AUTHORITIES

MALMSTEEN V. BERDON, LLP, 369 FED
APPX 248, N.Y. 2 CIRCUIT 2010)
"AFFIRMED."

RE GARSON, N.Y. 774 N.Y.S. 2d 445, 17 A.D.
3d 243 N.Y. 2005, AFFIRMED N.Y.
APPELLATE COURT.

BIGELOW V. R.K.O. RADIO PICTURES 327 U.S. 250
(1946) U.S. SUPREME COURT
AFFIRMED

JAMES WOOD V. COE 297 F. 2d 651-658
(C.A. SECOND CIRCUIT, N.Y. 1961

GLANDALE FEDERAL BANK FSB V. U.S.
239 F. 3d 1374. (N.Y. SECOND
CIRCUIT COURT OF APPEALS).

S & K SALES CO. V. NIKE INC 816 F. 2d-
843 (C.A. 2 N.Y. 1987

WECHSLER V BOWMAN, 285 N.Y. 284 291
MODIFIED 286 N.Y. 582 (1941

BESSEMER TRUST CO. V. BRANIN, 544 F.
SUPP. 2d 385;

A.F.G. LTD. V. ROTHENBERG, 136 F. 3d 897, (2 Cir.

CONTEMPORARY MISSION INC. V. FAMOUS MUSIC
CORP. 557 F 2d 918 - 926. (2nd CIRCUIT, N.Y.
(1977)

4

## STATUTES.

42 U.S.C.A. 1985 (3), CONSPIRACY
42 U.S.C.A 1983, 1981, 1981 (A & B)
8. U.S. C.A. 43, 47
31 U.S.C.A 5318 (G)(3) WILLIE ANNUNICIO ACT.
SCOTT ON TRUSTS SECTION 506 (3RD EDITION —
1967):


N.Y. U.S. NORTHERN DISTRICT COURT RULES.


10.1.2. NOTICE OF CHANGE OF ADDRESS.
11.1 (A)(b) NOTICE OF APPEARANCE.
NOTICE OF WITHDRAWAL.

5

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION.

FRAP 28 (A) (4)
CIVIL DOCKET FOR CASE # 23-96 CV

## MHINA V. CITIZENS BANK N.A. Etc.

1. CAUSE NATURE OF CASE : 3190
   1. CONTRACT-OTHER CONTRACT ACTIONS
   2. DAMAGES
2. 3. VIOLATIONS OF COURT RULES.
   ORIGINATING COURT INFORMATION
   TRIAL JUDGE: BRENDA K. SANNES,
   DATE FILED 05/03/2022
   OBER (JUDGMENT 01/10/20/23 )
   FEDERAL CONSTITUTIONAL ISSUES WITH CASES
   RULED IN COURT OF APPEALS AND U.S. SUPREME
   COURT, AND DISTRICT COURTS. FOR: APPELLANTS.

3. THIS APPEAL IS FROM A FINAL ORDER OR A
   JUDGEMENT THAT DISPOSES OF ALL CLAIMS WITH
   RESPECT TO ALL PARTIES OR IF NOT OTHERWISE
   DEMONSTRATING THAT THE COURT OF APPEALS HAS
   JURISDICTION ON SOME OTHER BASIS.



## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

FRAP 28(A)(5):

1. IT IS A FACT THAT; APPELLEES/DEFENDANTS VIOLATED NORTHERN DISTRICT COURT RULES; COURT RULE 10.1 2, 11-1 (A)(B), INVOLVING SERVICE OF SUMMONS.

2. IT IS A FACT THAT APPELLGES/DEFENDANTS BREACHED FIDUCIARY DUTY, AND BREACHED LEGAL CONTRACTS THAT PLAINTIFF AND DEFENDANTS SIGNED, ON THE DAY, HE OPENED HIS BUSINESS AND PERSONAL BANK ACCOUNTS AT APPELLEES/ DEFENDANTS BANK OFFICES.

3. THE CONTRACTS WERE FOR THE SOLE PURPOSE FOR THE THREE BANKS, TO WIT: CITIZENS BANK, N.A. ET-AL, BANK OF AMERICA, N.A. ET-AL AND KEY BANK, N.A. ET-AL, TO BE THE ONLY BANKS TO COLLECT APPELLANTS/PLAINTIFFS LETTERS OF CREDIT AND CASH TRANSFERS FROM APPELLANTS BUSINESS ASSOCIATE SENDING BANKS WORLD WIDE.

4. It is a fact that, Appellees / Defendants promised Appellants that they definitely are going to collect the 20-50 years guaranteed Letters of Credit without doubt. Therefore, Appellants reposed because they relied the Defendants / Appellees. As in the case of Bigelow v. R.K.O. Radio Pictures Supra "U.S. Supreme Court Case (1946) also Maldonado v. Berlon, L.L.P (Court of Appeals 2 Circuit, N.Y. 2010) Supra

5. It is a fact that both these cases the two reviewing Courts ruled for Appellants and ordered R.K.O. Radio Pictures to pay Bigelow for failure to collect movie tickets they promised to collect for Bigelow, because R.K.O. breached the fiduciary duty. The promise was relied by Bigelow. The U.S. Supreme Court affirmed the lower Court and ordered R.K.O. Radio Pictures to pay Bigelow equivalent to American Dollars lost.

6. It is a fact that, Appellees failed to collect 705 very good irrevocable Letters of Credit worth more than U.S $900 billion Dollars.

8

## STATEMENT OF THE CASE.

1. IT IS A FACT THAT, BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS HAVE NOT BEEN LITIGATED BY ANY COURT. THE DISTRICT COURT OR THIS COURT OF APPEALS AND FOR THIS REASON SINCE ... THIS CLAIM WAS TIMELY FILED, MAKE THE DEFENDANTS ACCOUNTABLE AND LIABLE FOR ALL THE LOST OF LETTERS OF CONTRACTS BELONGING TO APPELLANT WORTH U.S. $900.00 BILLIONS + MORE LOST PROFITS.

2. IT IS A FACT THAT; APPELLEES BREACHED THEIR PROMISE TO COLLECT HERE THE DEFENDANTS VIOLATED THE LAW OF RELIANCE THAT WAS EXPRESSED BY U.S. SUPREME COURT CASE OF BIGELOW V. R.K.O. RADIO PICTURES; SUPRA.

9

# APPEAL BRIEF

1. IT IS A FACT THAT THE JUDGE FOR THE TRIAL AND DECISION IS JUDGE BRENDA K. SANNE OF NORTHERN DISTRICT OF NEW YORK, SYRACUSE

2. IT IS A FACT THAT, DEFENDANTS/APPELLEE BREACHED FINUCIARY DUTY AND BREACHED LEGAL CONTRACT TO COLLECT APPELLANTS' LETTERS OF CREDIT AND CASH TRANSFERS AS THEY PROMISED. WHEN THEY SIGNED THEIR CONTRACTS WHEN APPELLANT OPENED THEIR BUSINESS ACCOUNTS AND THEIR PERSONAL ACCOUNTS

## VIOLATIONS OF

## LOCAL DISTRICT COURT RULES

MUST BE ADHERED TO BY BOTH ATTORNEYS OF RECORD AND PROSS LITIGANTS. MUST IMMEDIATELY NOTIFY THE COURT OF ANY ADDRESS CHANGE. PARTIES MUST FILE THE NOTICE OF CHANGE OF ADDRESS WITH THE CLERK AND SERVE THE SAME WITH ALL OTHER PARTIES TO THE ACTION. THE NOTICE MUST IDENTIFY EACH AND EVERY ACTION TO WHICH THE NOTICE SHALL APPLY. THE NOTICE MUST IDENTIFY EACH AND EVERY ACTION TO WHICH THE NOTICE SHALL APPLY. IN ADDITION, THE NOTICE SHALL BE CLEARLY ENTITLED, "NOTICE OF CHANGE OF ADDRESS." THIS WAS NEVER DONE BY DEFENDANTS CITIZENS BANK N.A. ET.AL. AND DEFENDANT WOODHAVEN APARTMENTS AND VINOD LUTHRA.

2. THIS IS A FACT THAT, THIS WAS NEVER DONE BY BOTH CITIZENS BANK N.A. ET.AL. AND WOODHAVEN APARTMENTS.

IT IS A FACT THAT DEFENDANTS CITIZENS BANK VIOLATED COURT RULE 11.1 →→

11

→ **RULE 11.1 APPEARANCE AND WITHDRAW OF ATTORNEYS (FORMERLY L.R. 83.2)**

3. IT IS A FACT THAT UNDER RULE 11.1 __APPEARANCE__.

   __IT__ IS A FACT THAT, AN ATTORNEY APPEARING FOR A PARTY IN A CIVIL CASE __SHALL PROMPTLY FILE WITH THE CLERK A WRITTEN NOTICE OF APPEARANCE__.

4. (A) THE __NOTICE OF APPEARANCE__:- NOT FILED
   (B) THE __NOTICE OF WITHDRAWAL__:- WERE NEVER FILED BY DEFENDANT CITIZENS BANK NA. OR GIVEN TO __PLAINTIFF__, AND THE COURT CLERK.

5. IT IS A FACT THAT DEFENDANT CANNOT COMPLAIN THAT THEY NEVER RECEIVED ALL THE SUMMONS PAGES WHILE ANOTHER ATTORNEY HAD OPENED THE LETTER CONTAINING THE SUMMONS. THEY ARE TO BLAME AND NOT THE PLAINTIFF. THEY BROKE THE L.R. 11.1.

                    12



6. IT IS A FACT THAT; THE FIRST ATTORNEYS OF DEFENDANT CITIZENS BANK, NA. ETAL. WERE MENTER, RUBIN, TRIVELPIECE P.C.

IT IS A FACT THAT, NOW THE ATTORNEYS FOR DEFENDANT CITIZENS BANK ARE ADLER, POLLOCK AND SHEEHAN P.C. WITH AN ADDRESS IN ONE CITIZENS PLAZA 8TH FLOOR, PROVIDENCE R.I 02 903-1345.

7. IT IS A FACT THAT DEFENDANTS ARE TO BLAME FOR NOT FOLLOWING THE U.S. DISTRICT COURT RULES 10.1ₓ11.1 AND OTHER RULES.

8. PLAINTIFF IS BLAMELESS, HE ABIDED BY THE COURT RULES, DEFENDANTS DID NOT.

9. IT IS A FACT THAT PLAINTIFF HAS FILED A MOTION CONSERNING THIS ISSUE, WAS DENIED BY LOWER COURT.

10 DEFENDANTS CITIZEN BANK N.A. ET AL ARE BLAMING THE WRONG PARTY. THEY MUST HAVE FILED ALL NOTICES WITH THE COURT CLERK FOR THE MOTION TO DISMISS THE CIVIL ACTION, TO BE VALID

13

MOTION TO DISMISS BY CITIZENS
BANK, MUST BE DISMISSED, BECAUSE THEY
BROKE COURT RULES. BY LAW
IT IS A FACT THAT; DEFENDANT CITIZENS
BANK
 RELATING TO INSUFFICIENT PROCESS
OR OF PROCESS, HAS NO FOUNDATION TO
DISMISS PLAINTIFFS' CIVIL ACTION.
FIRST, IT IS A FACT THAT, DEFENDANT
CITIZENS BANK, N.A. ET AL. VIOLATED RULE
11.1, AND 10.1 (C).

SECOND; IT IS A FACT THAT DEFENDANT
CITIZENS BANK, N.A. ET AL. DID NOT FILE THE
NOTICE OF WITHDRAWAL AND NOTICE OF
APPEARANCE AND NOTICE OF CHANGE OF
ADDRESS AS RULES 11.1 AND 10.1 (C). REQUIRES

THIRD; IT IS INCUMBENT UPON THE DEFENDANTS
TO FILE ALL THESE NOTICES. THIS IS A MUST

FOURTH; PLAINTIFF, SERVED THE CITIZENS BA
SUMMON UPON THE DEFENDANT THAT WAS
GIVEN BY CITIZENS BANK, N.A. ET AL.

14

IT IS A FACT THAT DEFENDANTS MUST NOT COMPLAIN ABOUT MISSING SUMMONS OR LACK OF PROCESS DELIVERY.

IT IS A FACT THAT RULE 12(b)(4) AND 12(b)(5) DOES NOT APPLY HERE.

IT IS A FACT THAT DIFFERENT ATTORNEYS RECEIVED THE SUMMONS AND THEY OPENED THEM (THE PRIORITY MAIL.

IT IS A FACT THAT THE FIRST ATTORNEYS COULD HAVE SABOTAGED THE SUMMONS BECAUSE THEY WERE NO LONGER ATTORNEYS OF DEFENDANT CITIZENS BANK.

IT IS A FACT THAT DEFENDANTS WITH THEIR NEW ATTORNEYS ARE TO BLAME FOR NOT FOLLOWING THE L. RULES. NOT PLAINTIFF.

IT IS A FACT THAT PLAINTIFF FOLLOWED THE COURT RULES. IF THE DEFENDANTS HAD FILED ALL THE REQUIRED RULES BEFORE THE SUMMONS WERE FILED IN COURT PLAINTIFF WOULD HAVE FILED THE SUMMONS TO THE RIGHT ADDRESS AND TO THE RIGHT ATTORNEYS.

15

## STANDARD OF REVIEW.

DEFENDANTS MOTIONS TO DISMISS MUST BE DISMISSED BECAUSE OF THE FOLLOWING REASONS.

1. FIRST:- IT IS A FACT THAT; PLAINTIFF SERVED THE SUMMONS UPON THE FIRST ATTORNEYS THAT DEFENDANT CITIZENS BANK, N.A; HAD INTRODUCED TO PLAINTIFF AS THEIR ATTORNEYS. (AT THE BEGINING.

2. SECOND; IT IS A FACT THAT: THE NAMES OF ATTORNEYS ARE:- MENTER, RUDIN, AND TRIVELPIECE, P.C. ADDRESS WAS, 308 MALTBIE STREET, SYRACUSE, NEW YORK 13204. THESE ATTORNEYS DID RECEIVE THE SUMMONS BY US PRIORITY MAIL. THE SUMMONS WERE RECEIVED BY THIS LAW FIRM; ON TIME.

3. THIRD; IT IS A FACT THAT DEFENDANT CITIZENS BANK VIOLATED COURT RULE 11.1 APPEARANCE AND WITHDRAW OF ATTORNEY:- WITHOUT FILING NOTICE OF WITHDRAW.

16

⟹ (FORMERLY L.R. 83.2)

4. FOURTH; IT IS A FACT THAT: RULE 11.1 (b) SPECIFICALLY STATES THAT:- THE ATTORNEY APPEARING FOR A PARTY IN A CIVIL CASE SHALL PROMPTLY FILE WITH CLERK A WRITTEN NOTICE OF APPEARANCE AND NOTICE OF REMOVAL.

5. FIFTH: IT IS A FACT THAT: RULE 11.1 CONCERNING;
WITHDRAWAL. AN ATTORNEY WHO HAS APPEARED MAY WITHDRAW ONLY UPON NOTICE TO THE CLIENT AND ALL PARTIES TO THE CASE AND AN ORDER OF THE COURT, UPON FINDING OF GOOD CAUSE TO WITHDRAW. IF THE COURT GRANTS LEAVE TO WITHDRAW, THE WITHDRAWING ATTORNEY MUST SERVE A COPY OF THE ORDER UPON AFFECTED PARTY AND FILE AN AFFIDAVIT OF SERVICE.

6. SIXTH PLAINTIFF NEVER RECEIVED ANY NOTICES BEFORE SUMMONS SERVICE TO THE FIRST ATTORNEY.

17

# STANDARD OR REVIEW

7. RULE 10.1 (2); 12(b)(6)

SPECIFICALLY STATES THAT: ALL ATTORNEYS OF RECORD AND PROSE LITIGANTS MUST IMMEDIATELY NOTIFY THE COURT OF ANY CHANGE OF ADDRESS.

8. IT IS A FACT THAT; THE NOTICE SHALL BE CLEARLY ENTITLED "NOTICE OF CHANGE OF ADDRESS."

9. IT IS A FACT THAT; PLAINTIFF HAD NO KNOWLEDGE OF THE NEW ATTORNEYS BEFORE HE SERVED THE SUMMONS PROCESS, TO THE OLD ATTORNEYS.

10. BECAUSE OF DEFENDANTS' VIOLATIONS OF LOCAL RULES DEFENDANTS MOTION TO DISMISS PLAINTIFFS' CIVIL CASE MUST BE DISMISSED THE MOTION IS MERITLESS. DEFENDANTS DID THEMSELVES IN, BY NOT FOLLOWING THE LOCAL DISTRICT COURT RULES.

18

## STANDARD OF REVIEW.
RULE 12 (b)(6), (c)(E)

11. IT IS A FACT THAT PLAINTIFF HAD NO KNOWLEDGE OF DEFENDANTS SECOND ATTORNEYS, OR THEIR ADDRESS, BEFORE HE FILED THE SUMMONS IN COURT.

12. IT IS A FACT THAT THE FIRST ATTORNEYS TO WIT: ATTORNEYS MENTER, RUDIN, a TRIVELPIECE, P.C., OF 308 MALTBIE STREET SYRACUSE, N.Y. ORK, 13204-1439.

13. THESE ATTORNEYS DID RECEIVE THE SERVICE OF SUMMONS. TIMELY, AND INTACT.

14. IF AT ALL, THEY OPENENED THE SPECIAL PRIORITY MAIL AND THEY DIRECTED THE PRIORITY MAIL TO THE DEFENDANTS CITIZEN BANK TO SEND THAT TO THE NEW ATTORNEYS.

15. DEFENDANTS MOTION TO DISMISS PLAINIFFS CIVIL CASE MUST BE DISMISSED FOLLOWING COURT RULE 56 AND 12.(E)

19

IT IS A FACT THAT, THIS CASE AT BAR IS FOLLOWING, THE U.S. SUPREME COURT CASE THAT ORDERED R.K.O. RADIO PICTURES TO PAY IN EQUIVALENT TO AMERICAN DOLLARS. ALSO SEE THE CASES OF MALMSTEEN V. BERDON, LLP 369 F.E.D. APPX 248; N.Y. SECOND CIRCUIT COURT ORDERED DEFENDANT BERDON LLP SUPRA TO PAY MALMSTEEN, FOR ALL THE FUNDS BERDON FAILED TO COLLECT. AND DEFENDANT BERDON PAID ALL THE MONEY THEY FAILED TO COLLECT. ALSO SEE, RE: GARSON, SUPRA, HERE THE COURT ORDERED RE: GARSON TO PAY ALL FUNDS HE FAILED TO COLLECT.

28. IT IS A FACT THAT, UNDER NEW YORK STATE LAW OF CONSPIRACY PURSUANT TO TITLE 42 U.S.C.A 1985 (3), DEFENDANTS COMMITTED FRAUD TO HIDE THEIR BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS. TO STEAL PLAINTIFFS' PROPERTY THEY BREACHED FIDUCIARY DUTY AND ALSO BREACHED LEGAL CONTRACTS OWED APPELLANTS/ PLAINTIFFS. AS IN THE CASE OF

✓

20

OF JOINEIL FIFTH AVENUE V.
ERELINGX REUS CO. 458 F. SUPP. 1197

29. IT IS A FACT THAT DEFENDANTS COMMIT
UNJUST ENRICHMENT BREACH OF
FIDUCIARY DUTY AND BREACH OF LEGAL
CONTRACTS.

30. IT IS A FACT THAT DEFENDANTS DID BREACH
FIDUCIARY DUTY AND BREACHED LEGAL
CONTRACTS, OWED PLAINTIFFS/APPELLANTS
AS IN THE CASE OF MALMSTEEN V.
BERDON L.L.P. 369 F.E.D. APPX 248
(C.A. 2ND CIRCUIT, N.Y. 2010), 1

IT IS A FACT THAT IN THE CASE OF MALMSTEE
V. BERDON LLP, THIS COURT FOUND THAT
DEFENDANT BERDON WAS ORDERED TO
PAY BACK ALL THE FUNDS THEY
FAILED TO COLLECT FOR MALMSTEE
BERDON PAID BACK ALL THE MONEY W
ORDERED TO PAY.

21

# DAMAGES

1. IT IS A FACT THAT; APPELLANT/PLAINTIFF AS A PREVAILING PLAINTIFF PURSUANT TO THE LAWS OF NEW YORK STATE AND LAWS OF UNITED STATES.

2. PRINCIPLE OF RELIANCE, DAMAGES IS THAT, A PARTY WHO RELIES ON ANOTHER PARTY'S PROMISE, MADE BINDING THROUGH FINUCIARY TRUST AND THROUGH CONTRACTS IS ENTITLED TO DAMAGES FOR ANY LOSES ACTUALLY SUSTAINED AS THE RESULT OF THE BREACH OF THAT BREACH OR THAT PROMISE. SEE: GLANDALE FEDERAL BANK F.S.B. V. U.S. 239 F3d 1374

3. IT IS A FACT THAT: UNDER NEW YORK LAW, WHEN DEFENDANTS BREACHED FIDUCIARY DUTY OWED PLAINTIFFS →

22

PRINCIPLE OF RELIANCE
U.S. SUPREME COURT: BIGELOW V. R.K.O. RADIO

>>3. PICTURES), THEY ALSO BREACHED
THE UNDERLYING PRINCIPLE OF
RELIANCE THAT WAS MADE BINDING
WHEN ALL THE DEFENDANTS BREACHED
FIDUCIARY DUTY/TRUST OWED
PLAINTIFFS AND BREACH OF LEGAL CONTRACTS.

4. IT IS A FACT THAT UNDER NEW YORK
LAW, DEFENDANTS/APPELLEES HAS A
DUTY OWED PLAINTIFFS/APPELLANTS
WHO REPOSED TO THE DEFENDANTS/-
APPELLEES WHEN THEY OPENED THEIR
BUSINESS AND PERSONAL BANK ACCOUNTS
AT APPELLEES/DEFENDANTS BANK OFFICES
THIS WAS FIDUCIARY DUTY WHICH ADDRESSES
THE UNDERLYING PRINCIPLE OF RELIANCE.

5. IT IS A FACT THAT, UNDER NEW YORK LAW,
PLAINTIFFS RELIED UPON THE PROMISES OF
DEFENDANTS/APPELLEES WHEN THEY OPENED
THEIR PERSONAL AND BUSINESS ACCOUNTS
TO TAKE GOOD CARE OF THEIR BANKING
BUSINESS TRANSACTIONS WHICH INCLUDE

23

5. LETTERS OF CREDIT WIRE AND CASH TRANSFERS. INCLUDING CREDIT AND LOANS.

6. IT IS A FACT THAT, UNDER NEW YORK LAW, PLAINTIFFS/APPELLANTS' AS THE PREVAILING PLAINTIFFS/APPELLANTS, NEED ONLY SHOW A STABLE FOUNDATION FOR A RESONABLE ESTIMATE OF THE LETTERS OF CREDIT PROFITS THEY WOULD HAVE MADE (EARNED) HAD THE DEFENDANTS NOT BREACHED FIDUCIARY DUTY OWED PLAINTIFFS. SEE; BESSEMER TRUST CO. V. BRANIN, 544 F. SUPP. 2d 385, ALSO SEE; CONTEMPORARY MISSION INC. V. FAMOUS MUSIC CORP. 557 F 2d 918 - 926. (C.A. 2 ND. CIRCUIT N.Y. 1977) ALSO SEE A.E.G. LTD. V. ROTHENBERG 136 F. 3d 897. ALSO SEE BOYCE V. SOUND VIEW TECH GROUP INC. 464 F. 3d 376, AT 387 (C.A. 2 N.Y. 2006).

24

7. IT IS A FACT THAT, UNDER NEW YORK LAW, DAMAGES RESULTING FROM LOSS OF FUTURE PROFITS, ARE MERELY APPROXIMATE AS IN BESSEMER TRUST V. BRANIN 544 F.SUPP 2d 385.

8. IT IS A FACT THAT, UNDER NEW YORK LAW, FAILURE OF A COMPANY TO COMPLY WITH STATE BUSINESS LICENSING REQUIREMENT DID NOT REQUIRE DISMISSAL OF THE CLAIM. SEE: Sxx. CO. V. NIKE INC. (C.A. 2d CIRCUIT, N.YORK 1987), 816 F 2d 843 (1987). ALSO SEE AMERICAN FEDERAL GROUP V. ROTHENBERG, 136 F 3d 897 (C.A. 2d N.Y.1998. LACK OF CORPORATE HISTORY DID NOT PRECLUDE AWARD OF DAMAGES BASED ON LOST PROFITS.

9. IT IS A FACT THAT, UNDER NEW YORK LAW DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACTS ARE NOT LIMITED TO CONTRACT DAMAGES AND MAY ALSO INCLUDE

25

9. → DAMAGES FOR CONSEQUENTIAL LOSES,
UNJUST ENRICHMENT AND LOST PROFITS
AND IF THEY ARE FROM INTERFERENCE
DAMAGES FOR EMOTIAL DISTRESS
OR ACTUAL HARM TO REPUTATION AS
SEEN IN SPK. SALES CO. V. NIKE
INC. 816 F 2d 843 (C.A. N.Y. 2d.
ALSO SEE HANNEX CORP. V.
GTTI. INC. 140 F. 3d 194. N.Y. 2 Circ)

10. IT IS A FACT THAT UNDER NEW YORK
LAW LOSS OF PARENTAL CONSORTIUM
IS APPLICHBLE, SEE SHEDON V.
P.H.H. CORP 135. F. 3d 848,
C.A. 3d. 848, C.A. 2d 1998 N.Y.)

26

1. ACCOUNTABILITY AND LIABILITY BY ALL THREE BANKS, AND OTHER DEFENDANTS WHO ARE DIRECTLY INVOLVED, PURSUANT TO U.S. CONSTITUTION, VIOLATION OF PLAINTIFFS/APPELLANTS CONSTITUTIONAL AND CIVIL RIGHTS. TITLE 42 U.S.C.A. 1983, 1981, 1981 (A) & (B). WITH EQUAL RIGHTS UNDER THE LAW DUE PROCESS.

2. IT IS A FACT THAT UNDER NEW YORK LAW, IT IS THE DEFENDANTS/APPELLEES ALLEGED WRONGS WHICH HAS RENDERED IT IMPOSSIBLE FOR PLAINTIFF TO PROVE THEIR DAMAGES WITH CERTAINTY. DEFENDANTS/APPELLEES CANNOT COMPLAIN OF THE ALLEGED UNCERTAINTY. THAT WILL PLAY A MAJOR PART IN CALCULATING THE DAMAGES. SEE SPITZ V LESSER 302 N.Y. 490, 494. THE REASON FOR THIS PRINCIPLE RULE, HAS BEEN WELL EXPRESSED BY THE →→

27

2

⇒ U.S. SUPREME COURT IN THE CASE OF BIGELOW V. R.K.O. RADIO PICTURES, 327 U.S. 250 1946; ALSO SEE JAMES WORL- GENERAL TRADING ESTABLISHMENT V-COE. 297 F2d 651-658 (C.A. 2 N.Y. 1961), ALSO TACARE V. NY-NEX NETWORK SYSTEM CO. 921 F. Supp. 1146 (S.D.N.Y. 1996).

3. IT IS A FACT THAT, UNDER NEW YORK LAW IN CONTEXT OF MALICIOUS PROSECUTION ACTUAL MALICE CAN RARELY BE ESTABLISHED THROUGH DIRECT EVIDENCE AND THUS MAY BE PROVEN THROUGH CIRCUMSTANTIAL EVIDENCE. AS IN THE CASE OF ROUNSEVILLE V. ZAHL, 13 F3d 625 (C.A. 2d N.Y. 1994.

28

# LOST BUSINESS PROFITS
## MUST BE PAID BY APPELLEES/DEFENDANTS

IT IS A FACT THAT, UNDER NEW YORK LAW, PLAINTIFFS' LOSS OF BUSINESS PROFITS, FUTURE BUSINESS PROFITS CONTRACTS AND GOOD WILL AS CONSEQUENCE OF DEFENDANTS WRONG.

4. IT IS A FACT THAT, UNDER NEW YORK LAWS, IN APPROPRIATE CASES LIKE THIS ONE, OF BREACH OF FINUCIARY DUTY AND BREACH OF LEGAL CONTRACTS, NEW YORK LAW GRANTS LOST PROFITS AS AN ELEMENT OF DAMAGES AS IN THE CASE OF: JOINER FIFTH AVENUE, V. EBEL INGA REUS CO. 458 F. SUPP. 1197.

29

4.

## LOST BUSINESS PROFITS

MUST BE PAID BY WRONG DOERS/DEFENDANTS.
IN U.S. DOLLARS 20 YEARS GUARANTEED
LETTERS OF CREDIT 235 CONTRACTUAL
LETTERS OF CREDIT BY ALL DEFENDANTS

TWENTY YEARS GUARANTEED 235
CONTRACTUAL LETTERS OF CREDIT
WORTH 5,672,500,000,000. IN U.S. DOLLARS

FIVE TRILLION SIX HUNDRED SEVENTY
TWO BILLION FIVE HUNDRED MILLION
IN U.S. DOLLARS, APPELLEES MUST PAY THIS
AMOUNT TO APPELLANT/PLAINTIFFS.

5

THIS IS DUE TO DEFENDANTS
TORTIOUS INTERFERENCE WITH APPELLANTS
/PLAINTIFFS CONTRACTUAL AND PROSPECTIVE
BUSINESS RELATIONS WITH APPELLANTS
BUSINESS ASSOCIATES WHERE DEFENDANTS
USED WRONGFUL MEANS, AGAINST
PLAINTIFFS.

30

6. LAST BUSINES PROFITS MUST REMAIN BY APPELLEES/DEFENDANTS WHO BREACHED FIDUCIARY DUTY AND BREACHED LEGAL CONTRACTS FROM THE DATE OF THE BREACHES.

IT IS A FACT THAT NO GENUINE ISSUE OF FACT EXISTS FOR TRIAL SEE CELOTEX V. CALRET. 477 U.S. 317 - 331 (1986) U.S. Supreme COURT.

7. IT IS A FACT THAT DAMAGES FOR BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS, ARE MEASURED FROM THE DATE OF THE BREACH WHICH IS AUGUST 25 2005 AS IN OSCAR GRUSS AND SON INC. V. HOLLANDER 337 F. 3d. 186 (C.A. 2ND CIRCUIT, N.Y. 2003)

8. IT IS A FACT THAT DEFENDANTS CANNOT COMPLAIN OF THE ALLEGED UNCERTAINTY THAT IS PLAYING A MAJOR PART IN CALCULATING THE DAMAGES, AS IN SPITZ V. LESSER. 302 N.Y. 490, 494.

31

## LOST BUSINESS PROFITS.

6. IT IS A FACT THAT, UNDER NEW YORK LAWS, LOST PROFITS ARE REGARDED AS DAMAGES AND MUST BE PAID AS DAMAGES. BY THE DEFENDANTS/APPELLEES

7. IT IS A FACT THAT, THE REASONS FOR THIS PRINCIPLE RULE HAS BEEN WELL EXPRESSED BY THE U.S. SUPREME COURT IN THE BIGELOW V.R.K.O. RADIO PICTURES 327 U.S. 250 (1946) ALSO JAMES WOOD GENERAL TRADING ESTABLISHMENT V.COE 297 F.2d 657-658 (C.A. 2d CIRCUIT. 1961)

8. IT IS A FACT THAT, UNDER NEW YORK LAWS. APPELLANTS/PLAINTIFF LOSS OF BUSINESS PROFITS, FUTURE BUSINESS PROFITS CONTRACTS AND GOODWILL AS CONSEQUENCE OF APPELLEES/DEFENDANT WRONG, MALICIOUS ACTIONS ALLEGED ELSEWHERE IN COMPLAINT MAY BE ⟶

✓                          32

→ 8. RECOVERED WITHOUT PLEADING THEM AS SEPARATE CAUSE OF ACTION. SEE: ADVANCE MARINE TECHNOLOGIES INC. V. BURNHAM SECURITIES INC. 16 F. SUPP. 2d 375 (S.D. N.Y. 1998) ALSO SEE WHITNEY V. CITIBANK 782 F.2d 1106 (C.A 2 N.Y. 1986.).

DAMAGES TO BE PAID BY APPELLEES DEFENDANTS.

DAMAGES TO BE PAID BY APPELLES/- DEFENDANTS.

1. IT IS A FACT, THAT, IN THE STATE OF NEW YORK LAWS, IN APPROPRIATE CASES OF BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS NEW YORK LAW GRANTS LOST PROFITS AS AN ELEMENT OF DAMAGES.

2. IT IS A FACT THAT UNDER NEW YORK STATE LAWS, DEFENDANTS/APPELLEES MUST PAY APPELLANT/PLAINTIFF JAMES P. MHINA THE C.E.O. AND THE →→

33

PRESIDENT OF JK W TRADING AND LEASING CORPORATION, REGISTERED IN THE STATE OF NEW YORK, AN AMOUNT OF U.S. $150.00 BILLION DOLLARS PER YEAR + INTEREST + TAXES, STATE AND FEDERAL FROM 2005 UNTIL NOW 2023 OR LATER (TOTAL OF 23 YEARS) = 23 X 150.00 = 3,450. (3 TRILLION, 4 HUNDRED FIFTY

3. IT IS A FACT THAT THIS IS THE AMOUNT THAT APPELLANT WAS GOING TO BE PAID IF THE DEFENDANTS HAD PERFORMED THEIR FIDUCIARY DUTY AND KEPT THEIR PROMISE TO COLLECT SINCE APPELLANT/ PLAINTIFFS RELIED ON THAT PROMISE.

4. IT IS A FACT THAT, UNDER STATE OF NEW YORK LAWS, APPELLEES/DEFENDANTS MUST PAY APPELLANT/PLAINTIFF THE AMOUNT OF U.S. $30.00 BILLIONS PER YEAR FROM 2005 TILL 2015 THE YEAR APPELLANT/PLAINTIFF WAS RELEASED FROM PRISON AFTER SPENDING 10 YEARS IN MAXIMUM JAILS, PRISONS AND U.S. IMMIGRATION CENTER IN BUFFALO →

34

4 → $30 \times 10 = \$300^{00}$ BILLION (THREE HUNDRED BILLION DOLLARS) → WITHOUT HAVING ANY CRIME, COMMITTED.

5. IT IS A FACT THAT; UNDER NEW YORK LAW, BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS, ARE MEASURED FROM DATE OF THE BREACH, AS IN THE CASE OF OSCAR GRUSS AND SON INC. V. HOLLANDER, 337 F. 3d 186 (C.A. 2nd CIRCUIT 2003).

6. IT IS A FACT THAT; UNDER NEW YORK LAW, A FIDUCIARY IS NOT AUTHORIZED TO VIOLATE THE TERMS OF THE TRUST MERELY TO MINIMIZE LEGAL LIABILITY TO ITSELF.

# SUMMARY OF THE ARGUMENT
## SEE FRAP 28 (A)(8)

IT IS A FACT THAT UNDER NEW YORK LAWS. APPELLANTS/PLAINTIFF HAVE ARGUED THAT BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACT IN THIS CASE, HAVE NOT BEEN LITIGATED IN ANY COURT HERE IN THE U.S.A. AND THE CIVIL CASE ISSUES ARE NOT MOOT SINCE CPLR. 215 (8)(A) HAS ACTED AS A SHIELD TO MOOTNESS.

IT IS A FACT THAT, APPELLEES HAVE ARGUED THAT THESE ISSUES ARE MOOT AND YET THEY DO NOW SHOW THIS COURT OR DISTRICT COURT THAT BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS HAVE BEEN LITIGATED.

IT IS A FACT THAT, THE DISTRICT COURT HAS NO RECORDS OF LITIGATION; IT DOES NOT EXIST ANY WHERE.

36

# ARGUMENT

IT IS A FACT THAT, BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS THAT APPELLEES AND APPELLANTS SIGNED WHEN APPELLANTS OPENED THEIR BUSINESS BANK ACCOUNTS AND NONE BUSINESS ACCOUNTS, WHERE APPELLEES PROMISED TO COLLECT APPELLANTS LETTERS OF CREDIT WHICH WERE IRREVOCABLE, VERY EXPENSIVE 20-50 YEARS GUARANTEES. WORTHY MORE THAN 21 TWENTY ONE TRILLIONS IN AMERICAN DOLLARS.

IT IS A FACT THAT APPELLANTS RELIED ON THAT PROMISE BY APPELLEES, TO COLLECT, AS IN BIGELOW V. R.K.A. RADIO PICTURES, U.S. SUPREME COURT ALSO, IN THE CASE OF MALMSTEEN V. BERDON, L.L.P. SUPRA, THE U.S. SUPREME COURT AFFIRMED THE LOWER COURT AND ORDERED R.K.O. RADIO PICTURES TO PAY BIGELOW BECAUSE BIGELOW RELIED ON THE PROMISE BY R.K.O. TO COLLECT THE MOVIE TICKETS, THEY PURPOSELY LOST (BREACH OF FIDUCIARY DUTY AND BREACH

37

OF CONTRACT (SUPRA)

IT IS A FACT THAT IN THE CASE OF MALDSTEEN V. BERDON (II) THIS COURT OF SECOND CIRCUIT, NEW YORK, AFFIRMED THE LOWER COURT DECISION AND ORDERED BERDON TO PAY ALL THE FUNDS BERDON FAILED TO COLLECT.

IT IS A FACT, THIS HONORABLE COURT MUST ORDER THE APPELLEES / DEFENDANTS BECAUSE THEY DID VIOLATE APPELLANTS CIVIL AND CONSTITUTIONAL RIGHTS AS TO 14TH AMENDMENT DUE PROCESS AND THE LAW OF RELIANCE, JUST LIKE THE CASE OF BIGELOW V. R.K.O. RADIO PICTURES. (THE U.S. SUPREME COURT CASE). APPELLANTS/PLAINTIFF RELIED ON THE PROMISE THE APPELLEES PROMISED.

38

# CONCLUSION

IT IS A FACT THAT; I THEREFORE
ASK THIS HONORABLE COURT
REVERSE THE JUDGMENT OF
THE DISTRICT COURT WITH A FINDING
OF FACT IN FAVOR OF THE APPELLANT,
IN THE ALTERNATIVE THE COURT SHOULD
REMAND THE CASE FOR A FAIR AND
IMPARTIAL TRIAL BEFORE UNPREJUDICED
JURY ON PROPER EVIDENCE AND UNDER
CORRECT INSTRUCTIONS AS IS JUST AND
PROPER.

RESPECTFULLY SUBMITTED
Full a. PROSE ETAL
JAMES F MWINA
PLAINTIFF-APPELLANT.
540 SEYMOUR STR#3
SYRACUSE, N.Y. 13204
PHONE:- 315-883, 7623.

39

# CERTIFICATE OF COMPLIANCE

I JAMES P. MHINA CERTIFY THAT, THIS BRIEF CONTAINS 14,000 WORDS OR LESS.

PREPARED AND
PRESENTED BY
JPM
JAMES P. MHINA,
840 SEYMOUR STR. #3
SYRACUSE, N.Y 13204
PHONE: 315-883-7623.

40

## Pro Se Certificate of Compliance with

## Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

☒ **Brief** contains ____✓____ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
 **Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Reply Brief** contains _____ words. [7,000 word limit - LR 32.1(a)(4)(B)], or
 **Reply Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Writ of Mandamus/Prohibition** contains _____ words. [7,800 word limit - FRAP 21(d)(1)], or
 **Writ of Mandamus/prohibition** contains _____ pages. [30 page limit - FRAP 21(d)(2)]

❑ **Motion or Response to the Motion** contains _____ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
 **Motion or Response to the Motion** contains _____ pages. [20 page limit - FRAP 27(d)(2)(B)]

❑ **Reply to the Motion** contains _____ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
 **Reply to the Motion** contains _____ pages. [10 page limit - FRAP 27(d)(2)(D)]

❑ **Petition for Panel or En Banc Hearing** contains _____ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
 **Petition for Panel or En Banc Hearing** contains _____ pages. [15 page limit - FRAP 35(b)(2)(B)]

❑ **Petition for Panel Rehearing** contains _____ words. [3,900 word limit - FRAP 40 (b)(1)], or
 **Petition for Panel Rehearing** contains _____ pages. [15 page limit - FRAP 40 (b)(2)]

RECEIVED
MAR 2 1 2023
BY:

February 2017

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT NEW YORK.

JAMES P. ITHINA, ET. AL. PRO-SE.
APPELLANT/PLAINTIFF.

### CIVIL ACTION NO. 23-96
### DOCKET NO. 23-96.

-V-

## CITIZENS BANK N.A. ET. AL.
APPELLEES / DEFENDANTS.

# AFFIDAVIT OF SERVICE

JAMES P. ITHINA, PRO-SE. ET. AL.
540 SEYMOUR STR #3
SYRACUSE, N.Y. 13204
PHONE: 315-883-7623.

PG I

COURT OF APPEALS, SECOND CIRCUIT
NEW YORK

AFFIDAVIT OF SERVICE

DOCKET # 23-96

IT IS A FACT THAT, I JAMES P. MHINA
DO SOLEMNLEY SWEAR, THAT I HAVE
SERVED ALL THESE DEFENDANTS/APPELLEES
WITH COPIES OF, APPEAL BRIEF, APPENDIX,
EXHIBITS OF LOST OF LETTERS OF CREDIT
DATA THAT WAS FILED IN THE DISTRICT
COURT ON MARCH 25, 2019. ALL THE
DEFENDANTS WERE ALSO SERVED WITH
THE LETTERS OF CREDIT DATA.

THIS AFFIDAVIT OF SERVICE WAS SERVED
ON MARCH 13, 2023, BY CERTIFIED
MAIL POST PAID.

HAS BEEN MAILED AT U.S. POST
OFFICE, 444 SOUTH SALINA STREET.
SYRACUSE, N.Y. 13201.

SWORN TO BY:

JAMES P. MHINA
540 SEYMOUR ST #3
SYRACUSE, N.Y. 13204

2

# COURT OF APPEALS SECOND CIRCUIT

## DEFENDANTS:

1. KEY BANK, N.A., ET AL.
2. HENRY L. MEYER, III
   C.E.O. KEY BANK&PRESIDENT.
   265 SUNRISE HIGHWAY
   SUITE 61
   ROCKVILLE CENTER, N.Y. 11570
3. LINDA MOUSULL, V.P. OF SECURITY. (SYR.

### ATTORNEYS

ANDREW P. KARAMOUZIS, ESQ.
MORAN, KARAMOUZIS LAW FIRM

LINDA MOSSUL,
V.P. OF SECURITY, KEY BANK
265 SUNRISE HIGHWAY
SUITE 61
ROCKVILLE, CENTER, NEW YORK 11570

### ATTORNEYS:

ANDREW P. KARAMOUZIS, ESQ
MORAN KARAMOUZIS LAW FIRM

3

COURT OF APPEALS SECOND CIRCUIT

DOCKET # 23-96

DEFENDANTS

BANK OF AMERICA, N.A.
677 BROADWAY 9TH FLOOR
ALBANY, N.Y. 12207-2996

ATTORNEYS:

MARCY E. SPRATT
WILSON, ELSER LAW FIRM ALB
ALBANY, N.Y. 12207-2996

DEFENDANT

1. BRIAN MOYNIHAN,
C.E.O. AND PRESIDENT OF BANK OF
2. AMERICA, N.A.
677 BROADWAY-9TH FLOOR
ALBANY, N.Y. 12207, N.Y. 12207-2996

DEFENDANT

3. AMY BIDWELL
BANK MANAGER, BANK OF
AMERICA, SYRACUSE
677 BROADWAY 9TH FLOOR
ALBANY, N.Y. 12207,

4

DOCKET# 23-96

# FOR THE DEFENDANTS:

1. ONONDAGA COUNTY.
2. BETH VAN DOREN, ET AL.
ONONDAGA COUNTY DEPARTMENT OF LAW
JOHN H. MULROY CIVIC CENTER
421 MONTGOMERY STREET 10TH FLOOR
SYRACUSE, N.Y. 13202

ATTORNEYS:

KAREN ANN BLESKOSKI,

1 SYRACUSE, CITY.
2 ANTHONY COLLAVITA,
3 DAVID BUSKE,
CITY OF SYRACUSE CORPORATION COUNSEL
233 EAST WASHINGTON STREET
ROOM 300 CITY HALL
SYRACUSE, N.Y. 13202.

ATTORNEYS:
DANIELLE SMITH, ESQ.
SARAH KNICKERBOCKER

CITY OF SYRACUSE
233 EAST WASHINGTON STREET
ROOM 300 CITY HALL
SYRACUSE, N.Y. 13202.

ATTORNEY.
5 SARAH KNICKERBOCKER

DOCKET NO: 23-96

APPELLEES/DEFENDANTS
1. CITIZENS BANK, N.A. ET.AL.
2. CATHERINE NASH, C'E.O. & JOHN CRUZ
ONE CITIZEN PLAZA 8TH FLOOR ~~OF SECURITY~~
PROVIDENCE, R.I. 02903-1345

ATTORNEY:-

GEOFFREY W. MILLSON ESQ
ONE CITIZEN PLAZA 8TH FLOOR
PROVIDENCE, R.I. 02903-1345

1. WOODHAVEN APART. (APPELLEES/DEFENDANT
2. VINOD LUTHRA, (APPELLEES/DEFENDANT
ATTORNEY: JOHN MILLER
1900 BOSCH & LOMB PLACE
ROCHESTER, N.Y. 14604

6.

U.S. POSTAGE PAID
PM
SYRACUSE, NY
13204
MAR 17, 23
AMOUNT

**$17.15**

R2305H126693-29

10007

RDC 04

PRIORITY® MAIL

NLY TO SEAL

se.
(restrictions apply).*
nd many international destinations.

n form is required.

claims exclusions see the
ability and limitations of coverage.

FROM:
JAMES PINTINHA
540 SEYMOUR STR #3
SYRACUSE N.Y. 13204

USMAIL
SDNY
TO: MS. EVELYN CRUZ,
U.S. COURT OF APPEALS
U.S. COURTHOUSE
40 FOLEY SQUARE
NEW YORK, N.Y. 10007

DOCKET #2396

To schedule free Package Pickup,
scan the QR code.



---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EVELM CRUS
U.S. CDURI OF APPEALS
U.S. COURT HOUSE
40 FOLEY SQUARE
N.Y. N.Y. 10007

9590 9402 7480 2055 5631 02

2. Article Number (Transfer from service label)

7022 0410 0000 4613 4602

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

